UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DERRICK O.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C21-5329 TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of the Commissioner's denial of plaintiff's application for Supplemental Security Income disability benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.      ISSUES FOR REVIEW

1. Whether the ALJ erred in rejecting the opinions of consultative examiner Dr. Coe and state agency reviewing physician Dr. Hurley?

2. Whether the ALJ erred in rejecting plaintiff's testimony?

## II.      BACKGROUND

On October 24, 2018 plaintiff filed an application for supplemental security income benefits alleging a disability onset date of March 1, 2018. Administrative Record (AR) 15, 196-201. Plaintiff's application was denied initially and upon reconsideration.

1  AR 15. A hearing was held before Administrative Law Judge Lawrence Lee on August

2  25, 2020. AR 15, 33-68. On September 28, 2020, the ALJ issued a decision finding that

3  plaintiff was not disabled. AR 15-25. On March 1, 2021, the Appeals Council denied

4  review, making the ALJ's decision the final agency decision. AR 1-6.

5      Plaintiff seeks judicial review of the ALJ's September 28, 2020 decision. Dkt. 1.

6                           III.      STANDARD OF REVIEW

7      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

8  denial of Social Security benefits if the ALJ's findings are based on legal error or not

9  supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874

10  F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion." *Biestek v.*

12  *Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

13                           IV.      DISCUSSION

14      The ALJ found that plaintiff had the severe, medically determinable impairments

15  of migraine headaches, and unspecified neck and back pain. AR 17. Based on the

16  limitations stemming from these impairments, the ALJ found that plaintiff could perform

17  light work with the following limitations:

18          He can lift and/or carry 20 pounds occasionally and 10 pounds frequently.
            He can stand and/or walk for 6 hours in an 8-hour workday. He can sit for
19          6 hours in an 8-hour workday. He can frequently reach overhead
            bilaterally. He can frequently climb ramps and stairs. He can never climb
20          ladders, ropes, or scaffolds. He can frequently stoop, kneel, crouch, and
            crawl. He can occasionally balance. He can never work at unprotected
21          heights. He can occasionally work around moving mechanical parts.

22  AR 20. Relying on vocational expert (VE) testimony, the ALJ determined that plaintiff

23  could perform his past relevant work and in the alternative that plaintiff could perform

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 2

1    other work existing in the national economy. AR 24-25. Accordingly, the ALJ concluded

2    that plaintiff was not disabled. AR 25.

3         A.  Medical Opinions

4         On June 24, 2019, Dr. John Richard Coe conducted a consultative physical

5    evaluation of plaintiff. AR 464-70. Plaintiff reported to Dr. Coe that he suffered from

6    migraines with visual disturbances, degenerative nerve pain in the neck, severe vertigo,

7    and sciatica. AR 464. Dr. Coe reported that plaintiff had very little difficulties with

8    activities of daily living when not having an episode of migraines, but is unable to work

9    "because he cannot observe a work schedule." AR 464. Dr. Coe diagnosed plaintiff with

10   chronic unstable lower back with right-sided sciatica; hypermobile cervical spine;

11   causing myositis, left scalene group; traction on the upper nerve root of the brachial

12   plexus on the left; and common migraine with aura. AR 470. Dr. Coe provided the

13   following functional assessment:

14       [C]laimant can lift and carry 30 pounds occasionally and 20 pounds
         frequently. He can stand and walk for less than an hour in an eight-hour

15       day. He can sit for 4 hours in an eight-hour day. There are no postural,
         manipulative, visual, or communicative limitations beyond these: The

16       claimant should be advised not to attempt climbing, stooping, lifting
         outside the above limitations, and overhead work. Environmentally, the

17       only limitation which is pretty much disabling is that the claimant will not be
         able to keep to a schedule because of the unpredictability of his migraine

18       attacks or of his painful areas of the cervical spine and/or the lumbar
         spine.

19

20   AR 470.

21        In July 2019, a state agency reviewing physician, Wayne Hurley, M.D., reviewed

22   the medical records, including Dr. Coe's report, and provided an RFC for plaintiff.  AR

23   88-90. Dr. Hurley opined that plaintiff could occasionally lift and/or carry 20 pounds and

24

25

1  could frequently lift and/or carry 10 pounds. AR 88. Further, Dr. Hurley opined that

2  plaintiff would be limited to standing and/or walking for a total of two hours in an eight

3  hour workday and limited to sitting for six hours in an eight hour workday. AR 88-89.

4  Further, Dr. Hurley stated that plaintiff would only be able to occasionally climb

5  ramps/stairs, climb ladders/ropes/scaffolds, balance and frequently stoop, kneel, crouch

6  and crawl. AR 89. Dr. Hurley also noted that plaintiff suffered from ongoing migraines

7  with some relief from medication as well as dizziness and vertigo. AR 89, 90.

8  The ALJ found these opinions unpersuasive because "there is no narrative

9  explanation for the limitations, and because they are not supported by the consultative

10  examination findings." AR 22-23. The ALJ explained that on the physical examination,

11  Dr. Coe commented that the imaging was not significant for any abnormalities, and

12  motor movements, sensory, reflects, gait, station, and movement were all intact/within

13  normal limits. AR 23. Additionally, the ALJ pointed out that the cervical spine

14  examination was normal and there was no observation of the claimant having any

15  difficulty standing in one place or walking around the examination room. AR 23.

16  Therefore, the ALJ determined that Dr. Coe and Dr. Hurley's opined standing/walking

17  limitations are not supported. AR 23.

18  The ALJ also pointed to treatment notes as contradicting the opinions of Dr. Coe

19  and Dr. Hurley. AR 23. The ALJ cited treatment notes stating that plaintiff's migraines

20  "may be fairly under control" and stable. AR 23 (citing AR 480-81). The ALJ also cited to

21  treatment notes from October 2019 indicating that plaintiff was negative for arthralgias.

22  AR 23 (citing AR 508).

23

24

25

Finally, the ALJ cited to a November 2018 evaluation from Olympic Sports & Spine as contradicting the opinions of Dr. Coe and Dr. Hurley. AR 23 (citing AR 448-450). The ALJ reasoned that in the notes "the claimant stated that he liked to do strenuous workouts at the gym, and he also reported that he was doing 10+ hour workdays as a convenience store clerk." AR 23. The ALJ also noted that plaintiff reported being able to lift up to 40 pounds helping a friend move. AR 23. The ALJ concluded that these statements were inconsistent with Dr. Coe and Dr. Hurley's opined limitations. AR 23.

Plaintiff filed the claim on October 24, 2018, so the ALJ applied the 2017 regulations. *See* AR 15, 196-201; *see* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017). Under the 2017 regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b).

The genesis of the "specific and legitimate" substantive legal standard is the case of *Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983). In that case, the Ninth Circuit did not mention any regulations promulgated by the Social Security Administration (the regulations that set forth different ways of considering various types of doctor opinions were promulgated in 1991, 56 FR 36932-01, 1991 WL 142361). The Court reviewed precedent from other circuits and determined that an ALJ's decision rejecting or discounting a treating physician's opinion that conflicts with a physician who

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 5

1  saw the patient only once, would need to meet the following substantive legal standard:

2  The ALJ's findings would be upheld if they are based on reasons that are specific and

3  legitimate. *Murray,* at 502. This "specific and legitimate" standard is in addition to the

4  requirement of substantial evidence. *Id.*

5         The regulations applicable to cases filed before March 27, 2017, set out a

6  hierarchy by which an ALJ would consider opinion evidence; more weight was generally

7  given to the opinion of a treating doctor than to an examining doctor, and more weight to

8  the opinion of an examining doctor than to a non-examining doctor. The Ninth Circuit

9  mentioned those pre-March 27, 2017 regulations and found that its precedent in *Murray*

10  setting forth legal standards for treating and examining doctors would be consistent with

11  the C.F.R. provisions.  *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); 20 C.F.R.

12  §§ 404.1527, 416.927. As discussed above, in 2017, the Commissioner revised agency

13  regulations and removed language regarding the hierarchy of medical opinions.

14         The Ninth Circuit has not yet considered the 2017 regulations, or whether the

15  change in regulations will cause the Court of Appeals to reevaluate its holdings

16  regarding the legal standards of "clear and convincing" or "specific and legitimate"

17  reasons for an ALJ to reject medical opinions. The Ninth Circuit has repeatedly held that

18  an ALJ must have specific, legitimate reasons supported by substantial evidence in

19  order to reject or discount the opinion of an examining doctor if the opinion is

20  contradicted by another doctor's opinion. *See Lester*, 81 F.3d at 830–31; *Ryan v.*

21  *Commissioner of Social Sec.*, 528 F.3d 1194, 1198-99 (9th Cir. 2008). The "specific and

22  legitimate reasons" language used by the Ninth Circuit in precedent is an appellate

23  standard – established in *Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

24

25

1  Therefore, the ALJ's explanation must be legitimate, as the Court will not affirm a

2  decision that is based on legal error or not supported by substantial evidence. *See*

3  *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017). Thus, the regulations require the

4  ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See also*

5  *Kathleen G. v. Comm'r of Soc. Sec.*, No. C20-461 RSM, 2020 WL 6581012 at *3 (W.D.

6  Wash. Nov. 10, 2020) (unpublished opinion) (finding that the new regulations do not

7  clearly supersede the "specific and legitimate" standard because the "specific and

8  legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but

9  rather the standard by which the *Court* evaluates whether the ALJ has reasonably

10  articulated his or her consideration of the evidence).

11    1.  Brief and Conclusory Explanation

12  First, the ALJ concluded that these medical opinions were unpersuasive because

13  "there is no narrative explanation for the limitations." AR 22-23.

14  The ALJ is not required to accept the opinion of a physician "if that opinion is

15  brief, conclusory, and inadequately supported by clinical findings." *Ford v. Saul*, 950

16  F.3d 1141, 1154-55 (9th Cir. 2020). However, even where a physician's opinion is brief

17  and conclusory, an ALJ must consider its context in the record—especially the

18  physician's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

19  Accordingly, while the ALJ cannot reject the opinion merely for being expressed as

20  answers to a check-the-box questionnaire, the ALJ may permissibly reject a report that

21  does not contain any explanation of the basis of their conclusion. *Ford*, 950 F.3d at

22  1155 (internal quotations omitted).

23

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 7

1    Dr. Coe conducted a physical examination of plaintiff which included an

2  examination of plaintiff's lumbar spine, cervical spine, upper extremities, lower

3  extremities, a neurological evaluation and diagnostic testing. AR 467-69. Additionally,

4  Dr. Coe explained that his opinion was based on the physical examination as well as

5  observations during the claimant's physical examination. AR 466, 470. Dr. Hurley based

6  his opinion on plaintiff's medical records, including Dr. Coe's examination. AR 88-90.

7    The medical record and Dr. Coe's physical evaluation provide a basis for Dr. Coe

8  and Dr. Hurley's opined limitations. Accordingly, when viewed in the context of the

9  record and the physical evaluations conducted, Dr. Coe and Dr. Hurley's opinions are

10  not brief and conclusory explanations. The ALJ erred in finding that the opinions are

11  unpersuasive because they do not have a narrative explanation for the limitations.

12    2.  Unsupported by the Examination Findings

13    Next, the ALJ determined that Dr. Coe and Dr. Hurley's opined limitations

14  regarding plaintiff's ability to stand and walk are unpersuasive because they are not

15  supported by the consultative examination findings. AR 22-23. The ALJ explained that

16  Dr. Coe "stated imaging was not significant for any abnormalities, and motor

17  movements, sensory, reflexes, gait, station, and movement were all intact/within normal

18  limits, cervical spine examination was normal and there was no observation of the

19  claimant having any difficulty standing in one place or walking around the examination

20  room." AR 23.

21    An ALJ may discount a doctor's opinions when they are inconsistent with or

22  unsupported by the doctor's own clinical findings. *See Tommasetti v. Astrue*, 533 F.3d

23  1035, 1041 (9th Cir. 2008).

24

25

1

2      It does not appear that Dr. Coe's consultative examination findings undermine

3   Dr. Coe's or Dr. Hurley's opinions regarding standing and walking limitations. Dr. Coe

4   opined that plaintiff suffered from chronic unstable low back pain with right-side sciatica

5   and common migraine with aura. AR 470. Additionally, Dr. Coe noted that plaintiff

6   complained of severe vertigo. AR 464. Dr. Coe also opined that plaintiff limitation

7   stemmed from plaintiff's unpredictable migraine attacks as well as plaintiff's cervical and

8   lumbar spine pain. AR 470. Further. Dr. Hurley explained that plaintiff's exertional and

9   postural limitations are affected by plaintiff's vertigo. AR 90.

10      Dr. Coe based the opined limitations on a combination of plaintiff's spinal pain,

11  migraines and vertigo. Dr. Hurley attributed plaintiff's postural limitations to vertigo and

12  migraines. The fact that plaintiff exhibited normal motor movements, sensory, reflex,

13  gait, station and movement, does not contradict limitations based on migraines or

14  vertigo. Similarly, a normal cervical spine examination does not contradict a finding of

15  lumbar spine pain, migraines or vertigo. Further, Dr. Coe noted that plaintiff's migraine

16  attacks were unpredictable. AR 470. Accordingly, the fact that plaintiff was able to stand

17  and walk during the medical examination – while plaintiff was not having a migraine

18  attack – does not contradict an opinion that plaintiff would have difficulty during a

19  migraine attack. See, AR 468 (noting that plaintiff was not experiencing migraine

    symptoms during Dr. Coe's evaluation).

20      Based on the foregoing, the ALJ erred in finding that Dr. Coe and Dr. Hurley's

21  opinions were undermined by Dr. Coe's examination findings.

22

23

24

25

1

### 3.  Contradicting Treatment Notes

2   The ALJ also determined that these opinions were unpersuasive because

3   treatment notes show plaintiff does not have difficulty standing or walking and the notes

4   indicate that plaintiff had improving symptoms of vertigo. AR 23. The ALJ cites to three

5   treatment notes as indicating that plaintiff's symptoms were stable and improving. AR

6   23 (citing AR 480, 481, 508). In its response brief, the Commissioner argues that

7   additional treatment notes in the record support the ALJ's finding that Dr. Coe and Dr.

8   Hurley's opinions are unpersuasive. AR 11. However, the Court must review the ALJ's

9   decision based on the reasoning and factual findings actually offered by the ALJ. *Bray*

10   *v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009).

11   Accordingly, the Court's analysis is limited to the reasons actually provided by the ALJ.

12   The ALJ cited two treatment notes from April 2019 that stated that plaintiff's

13   "migraines may be fairly under control" and that plaintiff's symptoms were "stable." AR

14   480-81. However, these same treatment notes indicate that plaintiff's headaches were

15   worsening, have increased in the previous weeks, that plaintiff reported experiencing

16   more light sensitivity and experienced more frequently reoccurring dizziness. AR 480.

17   The treatment notes indicate that plaintiff suffered from daily migraines of varying

18   severity, and dizziness. AR 481. Accordingly, while the cited treatment notes include

19   statements that plaintiff's symptoms were stable, the treatment notes indicate severe

20   migraines, dizziness and vertigo, not improving symptoms.

21   The ALJ cited treatment notes from October 2019 stating that plaintiff was

22   "negative for arthralgias" as evidence of improving symptoms. AR 508. It is not clear

23   from the ALJ's conclusion how a negative finding of arthralgias in a musculoskeletal

24

25

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 10

evaluation undermines findings based on lumbar spine pain, migraines, and vertigo. AR

508. Additionally, this same treatment note indicated that plaintiff reported suffering from

headaches and lightheadedness. AR 508.

Based on the foregoing, the ALJ erred; the ALJ's finding -- that Dr. Coe and Dr.

Hurley's opinions were contradicted by the cited treatment notes -- is not supported by

substantial evidence.

4.  Activities of Daily Living

Finally, the ALJ cited to treatment notes from November 2018 from Olympic

Sports & Spine as contradicting the opinions of Dr. Coe and Dr. Hurley. AR 23 (citing

AR 448-50). The ALJ explained that in these notes "the claimant stated that he liked to

do strenuous workouts at the gym, and he also reported he was doing 10+ hour

workdays as a convenience store clerk." AR 23. The ALJ stated that this note is from

November 2018 and plaintiff associated his symptoms with working out and his job. AR

23. The ALJ also pointed out that plaintiff was able to lift up to 40 pounds helping friends

move. AR 23. The ALJ found that this was inconsistent with Dr. Coe and Dr. Hurley's

opined limitations. AR 23.

Inconsistencies between a physician's opinion and a claimant's activities are

sufficiently specific and legitimate reasons to discount the physician's opinion. *Ghanim

v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

In this case, the ALJ's summary of the cited treatment notes is not an accurate

statement of the symptoms and activities alleged in the treatment notes. First, the notes

indicate that plaintiff attributed the current onset of symptoms to strenuous activities like

working out or working as a convenience store clerk with 10+ hour days. AR 448.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 11

1  However, the note indicates that at the time of the evaluation plaintiff was unable to

2  work due to his constant dizziness. AR 448. Plaintiff also reported experiencing

3  constant dizziness even while laying down. AR 448, 450. Plaintiff further reported that

4  he experienced daily neck problems that were made worse with movement. AR 450.

5        The treatment notes cited by the ALJ's decision did not state that plaintiff could

6  lift up to 40 pounds. AR 450. The note actually stated that plaintiff attempted to lift 30-40

7  pounds while helping a friend move, but this activity caused head and neck pain so

8  severe that plaintiff had to take muscle relaxers and lay down. AR 450. Plaintiff reported

9  that the pain went away within four hours. AR 450.

10        The records cited by the ALJ indicate that plaintiff attributed his symptom onset

11  to activities of daily living. The records indicate that plaintiff attempted to work and

12  attempted to help a friend move. However, the notes state that due to the severity of

13  plaintiff's symptoms, plaintiff stopped these activities over six months before Dr. Coe's

14  consultative physical evaluation.

15        Accordingly, the ALJ erred; the finding that plaintiff's records from Olympic Sports

16  & Spine undermine Dr. Coe and Dr. Hurley's opinions is unsupported by substantial

17  evidence.

18        5.  Harmless Error

19        Harmless error principles apply in the Social Security context. *Molina v. Astrue*,

20  674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to

21  the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination."

22  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*,

23  674 F.3d at 1115. The determination as to whether an error is harmless requires a

24

25

"case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-19 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

The ALJ's error in evaluating the opinions of Dr. Coe and Dr. Hurley are not harmless error, because if the ALJ had properly evaluated these doctors' opinions there would potentially have been a more restrictive RFC. Accordingly, a proper evaluation of the medical opinion evidence could change the ALJ's hypotheticals provided to the Vocational Expert, and the RFC.

B.  Plaintiff's Testimony

Plaintiff contends the ALJ erred in discounting plaintiff's symptom testimony. Dkt. 10 at 11-16.

The ALJ discounted plaintiff's symptom testimony as inconsistent with the medical evidence in the record. AR 23. The ALJ also cited to the records from Olympic Sports & Spine as undermining plaintiff's testimony. AR 23.

The Court has already determined there was not substantial evidence to support the ALJ's evaluation of the medical opinions. Remand for additional proceedings is required in this action. The re-evaluation of medical evidence in the record may affect the ALJ's assessment of the plaintiff's testimony and RFC. Accordingly, the Court will not address this issue.

On remand the ALJ must re-evaluate the medical opinions of the doctors discussed above. The ALJ will then need to re-assess plaintiff's symptom testimony.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

C.  Remand for Further Proceedings

Generally, when the Social Security Administration commits harmful error concerning the claimant's appeal of a denial of their application, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). After concluding that an ALJ has harmfully erred when considering medical evidence or plaintiff's testimony, the Court next should "turn to the question whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the record is free from relevant conflicts. *See id.*

Based on a review of the record, the Court concludes that the record is not free of ambiguity, such as conflicts in the medical evidence. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing.

V.      CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings.

On remand, the Commissioner shall allow plaintiff a de novo hearing, take additional evidence as necessary to fully clarify the record, must reconsider the opinion of Dr. Coe, reconsider the July 2019 opinion of Dr. Hurley, evaluate plaintiff's statements about symptoms and limitations, and re-evaluate plaintiff's RFC to determine whether plaintiff does, or does not, meet the criteria for establishing a disability for which benefits should be awarded.

Dated this 27th day of December, 2021.

Theresa L. Fricke
United States Magistrate Judge

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS - 15